# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

---

MICHAEL J. NISSEN,

      Plaintiff,

v.

JUDGE JAMES O. BROWNING,

      Defendant.

No. 1:20-cv-00151-PJK

---

## ORDER

---

THIS MATTER is before the court on Plaintiff Michael J. Nissen's Complaint for Violation of Civil Rights against the Hon. James O. Browning, a federal district judge. Judge Browning is presiding in an underlying criminal matter (United States v. Nissen, No. 1:19-cr-00077-JB-1), in which Mr. Nissen is awaiting resolution of post-trial motions and sentencing, having been convicted of two counts of transmitting a threat in interstate commerce.  See generally United States v. Nissen, No. CR 19-0077, JB,  Memo. Op. & Order,  — F. Supp. 3d —, 2020 WL 108488 (D.N.M. Jan. 9, 2020).  In this action, Mr. Nissen appears pro se and seeks only injunctive relief (a full acquittal in the criminal case).  He claims violations of his rights under the First, Fourth, Fifth, Eighth, Ninth, Tenth, Eleventh, Fourteenth and Twenty-Third amendments to the United States Constitution.

Pursuant to my screening function, I will dismiss this complaint because it is frivolous and fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(a)(1). To the extent that Mr. Nissen relies upon <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), his claims would fail because they would involve an extension of <u>Bivens</u> in a new context against a new category of defendants. <u>Hernandez v. Mesa</u>, 589 U.S. — , — , 140 S. Ct. 735, 742–33 (2020). Moreover, official capacity claims against a federal district judge generally are barred by sovereign immunity. <u>Smith v. Krieger</u>, 389 F. App'x 789, 795 (10th Cir. 2010).

Insofar as any individual capacity claims for injunctive relief, this court believes that the Tenth Circuit would hold that judicial officials are absolutely immune from such relief. <u>See</u> <u>Peterson v. Timme</u>, 621 F. App'x 536, 542 (10th Cir. 2015). In any event, Mr. Nissen has an adequate remedy at law, an appeal or postconviction motion, thereby precluding such relief. <u>Switzer v. Coan</u>, 261 F.3d 985, 991 (10th Cir. 2001).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

(1) the Court grants in forma pauperis status;

(2) the Complaint and action are dismissed without prejudice; and

(3) the Court imposes a strike pursuant to 28 U.S.C. § 1915(g).

DATED this <u>11th</u> day of March 2020, at Santa Fe, New Mexico.

<u>/s/ Paul Kelly, Jr.</u>
United States Circuit Judge
Sitting by Designation
